IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>RAFAEL ANGEL CASIANO TORRES<br><br>DEBTOR(S) | CASE NO. 22-03446 (EAG)<br>CHAPTER 13 |

OBJECTION TO CONFIRMATION OF PLAN
(Re. Plan dated November 28, 2022 filed at Docket no. 2)

TO THE HONORABLE COURT:

Comes now, Oriental Bank ("Oriental") through its undersigned counsel and respectfully alleges and prays:

**JURISDICTION**

1. The jurisdiction of the Honorable Court is ascertained under Title 28 USC §1334, and venue under Title 28 USC §1408, and particularly regarding this matter under Title 11 USC §1322 and 1325, on Confirmation of Plan.

**FACTUAL BACKGROUND**

2. On November 30, 2022, the Debtor filed the instant petition for relief under Chapter 13 of the Bankruptcy Code. *See, Docket 1.*

3. Oriental is a secured creditor in this case and the holder in due course of a residential mortgage note encumbering the following real estate property located at: 97-7, 83 Street Sierra Bayamon Development, Bayamon, Puerto Rico 00961 (hereinafter, the "Property"). *See, Bankruptcy Claims Register, Claim No. 4.*

4. Thus, on December 13, 2022, Oriental timely filed a Proof of Claim in the secured amount of $92,332.26 as the holder of a mortgage lien encumbering the Property. *See, Bankruptcy Claims Register, Claim No. 4.*

5. Oriental's Proof of Claim no. 4, and the Mortgage Note attached to it, reflects that Debtor's mortgage loan with Oriental will mature on January 1, 2049. This means that the last mortgage payment under the Mortgage Note will be due after the date on which the final payment under the proposed Chapter 13 Plan is due. In other words, the Debtor's mortgage debt with Oriental, object of Claim no. 4, is a long-term debt. *See, Bankruptcy Claims Register, Claim No. 4 at pages 11-13.*

6. The Chapter 13 plan dated November 28, 2022 (the "Plan"), which has not been confirmed, proposed to pay a total base of $63,600.00, thru the Chapter 13 Trustee. The Plan also provided the following treatment to Oriental Bank with regards to the mortgage loan object of Claim no. 4:

**PART 3: Treatment of Secured Claims**

3.1 Maintenance of payments and cure of default, if any.

Check one.
- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- [✓] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| ASOCIACION... | | | | | | |

(…)

| ORIENTAL BANK | URB SIERRA BAYAMON | $512.00 | $1.00 | | | $1.00 |

Disbursed by:
- [ ] Trustee
- [✓] Debtor(s)

_____ Months Starting on Plan Month _____

Secretary of the...

(…)

> **PART 8: Nonstandard Plan Provisions**
>
> 8.1 Check "None" or list the nonstandard plan provisions
> ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
>
> Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.
>
> Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.

(…)

**8.003 RETENTION OF LIENS**
The lien holder of any allowed secured claim, provided for by the plan will retain its existing lien until and according to the terms and conditions of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II), unless otherwise provided on this plan. Upon compliance with the terms of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II) the lien will be extinguished.

*See, Docket 13.*

      7.      Oriental Bank hereby objects to the plan's treatment to its Claim no. 4, and therefore, confirmation of Debtor's Amended Plan dated November 28, 2022. Specifically, Oriental objects to the reference and incorporation of Sections 1325(a)(5)(B)(i)(I) & (II) included in ¶8.003 on the "Retention of Lien" provision to the treatment of the long term debt object of Claim no. 4, as provided under the Section 3.1 of the Plan. Oriental submits that the Chapter 13 Plan must specifically provide that the long-term debt with Oriental (Claim no. 4) is being delt under the plan pursuant to Section 1322(b)(5) of the Bankruptcy Code and is excepted from any discharge granted under section 1328, and that Oriental will retain its lien and such lien will remain intact.

      8.      In support of Oriental's contentions, and pursuant to LBR 9013-2 which requires a supporting Memorandum of Law with all written motions, Oriental submits the following Memorandum of Law.

## MEMORANDUM OF LAW

A Chapter 13 plan can be confirmed only if it meets the standards of Section 1325 of the Bankruptcy Code. The court is required to confirm a Chapter 13 plan only if: (1) the plan complies with the rest of Chapter 13 and the Bankruptcy Code; (2) the debtor has paid the necessary filing fee and any other fees imposed on Chapter 13 debtors; (3) the debtor's petition and the plan itself

has been proposed in good faith and not by any means otherwise forbidden by law; (4) the plan is in the best interest of creditors and it pays them at least what they would have received had the debtor liquidated under Chapter 7; (5) it provides for secured creditors to receive at least the value of the collateral; (6) the plan is financially feasible; (7) the debtor is current on his or her support obligations; and (8) the debtor has filed any required Federal, State, and local income tax returns.

### A. Treatment of Long-Term Debts under Section 1322(b)(5) of the Bankruptcy Code.

Section 1322 of the Bankruptcy Code sets forth the mandatory and optional provisions for the treatment of creditors in a chapter 13 plan. Subsection 1322(b)(5) permits the plan to "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." 11 U.S.C. § 1322(b)(5). Section 1328(a)(1) excepts from discharge at completion of all payments any debt "provided for under § 1322(b)(5)."

Likewise, under Section 1322(b)(5), certain long-term debts "on which the last payment is due after the date on which the final payment under the plan is due" cannot be discharged (for example, mortgages). The bankruptcy plan may nonetheless "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending" on any such long-term debts. 11 U.S.C. § 1322(b)(5) (emphasis added). Thus, Section 1322(b)(5) requires that Debtor cure and maintain payments for long term debt. That is, Debtor may cure a pre-petition mortgage delinquency through the plan, but she must do so by staying current on her mortgage." *In re Heinzle*, 511 B.R. 69, 80 (Bankr. W.D. Tex. 2014). *See also, In re Kessler*, 655 Fed.Appx. 242 (5th Cir. 2016). *Evans v. Stackhouse*, 564 B.R. 513, 518 (E.D. Va. 2017).

A long-term debt dealt with by the chapter 13 plan in the manner authorized under section 1322(b)(5) is excepted from any discharge granted under section 1328, and the creditor's lien

remains intact, except to the extent it may have been declared void pursuant to section 506(d). 8 *Collier on Bankruptcy* P 1322.09 (16th 2022). When a default on a mortgage or other long-term debt is cured under section 1322(b)(5), the full amount of the creditor's claim is not paid during the chapter 13 cases. Rather, the debtor preserves the benefit of a longer payment schedule which extends beyond the due date of the last payment under the plan, and the creditor is protected by the exception to discharge for long-term debts on which defaults are cured. 8 *Collier on Bankruptcy* P 1322.09 (16th 2022).

## CONCLUSION

As stated before, the proposed Chapter 13 Plan cannot be confirmed, as Oriental does not accept the same. In order for Oriental to accept the treatment afforded under the Plan to Claim no. 4, Debtor must provide for the curing of a default and maintenance of payments on the residential mortgage loan with Oriental under Section 1322(b)(5) of the Bankruptcy Code. In other words, the Plan must provide that the long term debt with Oriental (Claim no. 4) is being delt under the plan under Section 1322(b)(5) and that Oriental will retain its lien and such lien will remain intact.

**WHEREFORE,** it is respectfully requested from the Honorable Court that it enters an order denying confirmation of the Debtor's proposed plan and granting any other relief this Court deems just and proper.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this motion has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, this motion will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**Puerto Rico Local Bankruptcy Rule 9013-1(h)**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of this motion is being sent by first class mail to the Debtor: **RAFAEL ANGEL CASIANO TORRES,** at the address on record: URB. CONDADO MODERNO L35 CALLE 16, CAGUAS, PUERTO RICO 00725; to Debtor's counsel, **ATTY. JUAN MANUEL SUAREZ COBO,** at 138 WINSTON CHURCHILL AVE. PMB 316, SAN JUAN, PUERTO RICO 00926**;** and to **JOSE RAMON CARRION MORALES,** Chapter 13 Trustee at PO BOX 9023884, SAN JUAN, PUERTO RICO 00902-3884. This motion is also being sent by electronic mail to all CM/ECF Participants in the case at their address of record.

      In San Juan, Puerto Rico, on December 13, 2022.

      **DELGADO & FERNÁNDEZ, LLC**
PO Box 11750
Fernández Juncos Station
San Juan, Puerto Rico 00910-1750
☎ (787) 274-1414
🖷 (787) 764-8241

**S/MARISTELLA SÁNCHEZ RODRÍGUEZ**
MARISTELLA SÁNCHEZ RODRÍGUEZ
USDC-PR #224714
msanchez@delgadofernandez.com