PERO SEIN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>RAFAEL ANGEL CASIANO TORRES<br>Social Security: xxx-xx-1125<br><br>Address:<br>URB. CONDADO MODERNO<br>L35 CALLE 16<br>CAGUAS, PR 00725<br><br>**DEBTOR** | CASE NO.<br>22-03446-EAG<br><br>CHAPTER 13 |

**MOTION REQUESTING LEAVE TO CONSIGN FUNDS**

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

1. The Debtor's proposed plan provides among other things to make direct post-petition mortgage payments to Carmen Teresa Figueroa Maldonado & Sucn. José Vega Muñiz.

2. As provided under the plan, debtor went to make the corresponding payments, but Carmen Teresa Figueroa Maldonado & Sucn. José Vega Muñiz officer and/or employees refused to accept from Debtor the offered payments.

3. Accordingly, in order to comply with the plan provisions, the existing agreement and to avoid any late charges, cost or related expenses, Debtor is forced to consign Carmen Teresa Figueroa Maldonado & Sucn. José Vega Muñiz monthly mortgage payment, that where refused, until this controversy is resolved.

4. This request for consignment is proper pursuant to 31 L.P.R.A. 3180[1], because creditor has refused to accept the payment without reasons. Also, this motion serves as notice to creditor pursuant to 31 L.P.R.A. 3181[2], see also <u>Veve v. The Fajardo Sugar Growers' Association</u>, 18 P.R.R. 277, 1912 PR Sup. LEXIS 58 (P.R. 1912), dismissed, <u>Veve De Belaval v. Fajardo Sugar Growers' Asso.</u>, 235 U.S. 713, 35 S. Ct. 207, 59 L. Ed. 437, 1914 U.S. LEXIS 1030 (U.S. 1915). Furthermore, pursuant to 31 L.P.R.A. 3183[3] creditor shall be liable for expenses and attorney fees if this consignment becomes adversarial or contested, see <u>Jose Ruiz de Val v. Lucia Morales vda. de Riefkohl.</u>, 40 P.R.R. 742, 1930 PR Sup. LEXIS 103 (P.R. 1930). Should creditor move to accept the payments offered which we are seeking leave to consign, we will provided them to creditor's counsel and this request to consign will be moot and unnecessary.

5. The Debtor hereby requests leave to consign with this Court the amount of $973.84, pursuant to General Order 12-04.

---

[1] 31 L.P.R.A. 3180 - If the creditor to whom the tender of payment has been made should refuse to accept it, without reason, the debtor shall remain released from all liability by the consignation of the thing due.

The same effect shall be produced by the consignation alone when made in the absence of the creditor, or when the latter should be incapacitated to accept the payment when it is due, and when several persons claim to have a right to collect it, or when the instrument mentioning the obligation has been mislaid.

[2] 31 L.P.R.A. 3181 - In order that the consignation of the thing due may release the obligor, notice thereof must previously be given to the persons interested in the fulfilment of the obligation.

Consignation shall have no effect when not strictly in accordance with the provisions governing payment.

[3] 31 L.P.R.A. 3181 - The expenses of the consignation, when proper, shall be charged to the creditor

## NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING
## LOCAL RULE 9013-1

Within **FOURTEEN (14)** days after service as evidenced by the certification, and an additional **THREE (3)** days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**WHEREFORE** the appearing party prays from this Honorable Court to grant this motion.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the **CM/ECF** system which will send notification, upon information and belief, of such filing to: Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and José R. Carrión, Esq., in addition to any and all parties registered in this case to receive **CM/ECF Notices**. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non **CM/ECF participants**.

**CERTIFICATE OF SERVICE BY MAIL:** I hereby certify that a true copy of this writing, was mailed, via **regular prepaid U.S. mail**, to: Carmen Teresa Figueroa Maldonado & Sucn. José Vega Muñiz, P.O. Box 7802, Ponce, P.R. 00732; Josephine M. Rodríguez Ríos, Esq., Prieto & Asociados Law Offices, P.O. Box 889, Fajardo, P.R. 00728.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, December 14, 2022

**LEGAL PARTNERS, P.S.C.**
Urb. Crown Hills
138 Ave. Winston Churchill PMB 316
San Juan, P.R. 00926-6013
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez-Cobo*
**JUAN M. SUÁREZ-COBO**
USDCPR 211010
suarezcobo@gmail.com

| UNITED STATES POSTAL SERVICE | POSTAL MONEY ORDER | | |
|---|---|---|---|
| Serial Number | Year, Month, Day 2022-12-12 | Post Office 007260 | U.S. Dollars and Cents |
| 28287369371 | | | $973.84 |
| | Amount Nine Hundred Seventy Three Dollars and 84/100 *** | | |
| Pay to United States Bankruptcy Court | | | Clerk 10 |
| Address | | From Rafael Casiano | |
| | | Address SSN - XXX - XY - 1125 | |
| Memo | | Case # 22-03446-EAG13 | |
| | SEE REVERSE WARNING • NEGOTIABLE ONLY IN THE U.S. AND POSSESSIONS | | |
| ⑆000000800⑆ | 28287369371⑈ | | |