# THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:**<br>**RAFAEL ANGEL CASIANO TORRES**<br>Social Security: xxx-xx-1125<br><br>Address:<br>URB. CONDADO MODERNO<br>L35 CALLE 16<br>CAGUAS, PR 00725<br><br>**DEBTOR** | **CASE NO. 22-03446-EAG/C.AR**<br><br>**CHAPTER 13** |

## MOTION OF AMENDED PLAN AND
## NOTICE OF OPPORTUNITY TO OBJECT AND FOR A HEARING

**TO THE HONORABLE COURT:**

**COMES NOW DEBTOR,** represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

1. The Debtor inform(s) of the amended plan dated **May 19, 2023** pursuant to 11 U.S.C. 1323(a). Copy of said plan is attached to this motion. The amendments to plan were to: **MAKE SEVERAL NECESSARY CHANGES AND INCREASE BASE**. See attached plan for details.

### YOUR RIGHTS MAY BE AFFECTED BY THE PLAN ATTACHED

The attached plan contains provisions which may affect your rights. You should fully read the plan carefully and discuss it with your attorney. This motion is not to be construed as a disclosure statement and accordingly you should not rely on this motion and must fully read the plan. When confirmed, the plan shall bind the Debtor(s) and each creditor to its terms.

### NOTICE OF OPPORTUNITY TO OBJECT PURSUANT TO LBR 9013-1(h)

Pursuant to Fed.R.Bnkr.P. 2002(a)(9), within twenty one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served,

1

or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**WHEREFORE** the appearing party prays from this Honorable Court to take notice of the amended Chapter 13 Plan, accepts and confirms the Chapter 13 Plan, without a hearing or at the confirmation hearing.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, May 19, 2023.

**LEGAL PARTNERS, P.S.C.**
138 Ave. Winston Churchill, PMB 316
San Juan, P.R. 00926
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com
Attorney for Debtor

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, José R. Carrión Morales, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

### CERTIFICATE OF MAILING & SERVICE

I, Noemí Figueroa, hereby certify, that a true and exact copy of this motion was sent by Regular mail, to the following parties and addresses, in the address list attached:

On this day, May 19, 2023.

*/s/Noemí Figueroa*
**NOEMI FIGUEROA**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:
RAFAEL ANGEL CASIANO TORRES

xxx-xx-1125

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** May 19, 2023.

Case No.: 22-03446

Chapter 13

☑ Check if this is a pre-confirmation amended plan

☐ Check if this is a post confirmation amended plan
Proposed by:
☑ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

If this is an amended plan, list below the sections of the plan that have been changed.
**Sections 2.1, 3.1, 3.2, 3.4, 3.5, 5.1 and Part 8**

---

# PART 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

# PART 2: Plan Payments and Length of Plan

2.1   Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $700.00 | Months 1 through 60 | $42,000.00 | |
| Subtotals | 60 Months | $72,000.00 | |

| Debtor | RAFAEL ANGEL CASIANO TORRES | Case number | 22-03446 |
|---|---|---|---|

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☑ Other (specify method of payment):   TFS and/or directly by Debtor when and if needed.

**2.3   Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4   Additional payments:**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
from sale of real property in Urb. Inmaculada III
$30,000.00 lumpsum payment in month 36

## PART3: Treatment of Secured Claims

**3.1   Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| CARMEN TERESA FIGUEROA MALDONADO | COND. ISLETA MARINA | $973.84 | $33,110.56 | | | $33,110.56 |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | | _____ Months  Starting on Plan Month _____ | |
| CRIM | URB SIERRA BAYAMON | $0.00 | $393.74 | | | $393.74 |
| | | Disbursed by:<br>☐ Trustee | | | _____ Months  Starting on Plan Month _____ | |

Puerto Rico Local Form G (LBF-G)                   Chapter 13 Plan                   Page  2

Debtor: RAFAEL ANGEL CASIANO TORRES     Case number: 22-03446

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| ORIENTAL BANK | URB SIERRA BAYAMON | ☑ Debtor(s) $512.00 <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | $244.70 | | | $244.70 |

_____ Months   Starting on Plan Month _____

*Insert additional claims as needed.*

3.2   **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☑ The Debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the Debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of Secured Claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed Amount of Secured Claim will retain the lien on the property interest of the Debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO | $5,480.82 | COND. ISLETA MARINA | $70,000.00 | $97,000.00 | $0.00 | | | $0.00 |

_____ Months   Starting on Plan Month _____

*Insert additional claims as needed.*

3.3   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4   **Lien Avoidance.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked

Debtor: RAFAEL ANGEL CASIANO TORRES   Case number: 22-03446

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the Debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| Name of creditor: AEELA | a. Amount of lien | $5,582.90 | Amount of secured claim after avoidance (line a minus line f) |
| | b. Amount of all other liens | $92,726.01 | |
| | c. Value of claimed exemptions + | $6,000.00 | |
| Collateral: URB SIERRA BAYAMON | d. Total of adding lines a, b, and c | $104,308.91 | Interest rate ____ % |
| Lien identification (such as judgment date, date of lien recording, book and page number): Judgment Lien 2011 | e. Value of Debtor(s)' interest in property | -$98,000.00 | Starting on Plan Month 60 |
| | f. Subtract line e from line d. | $6,308.91 | Monthly on secured claim |
| | Extent of exemption impairment (Check applicable box): ☑ Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column)* ☐ Line f is less than line a. *A portion of the lien is avoided. (Complete the next column)* | | Estimated total payments on secured claim |

*Insert additional claims as needed.*

3.5 **Surrender of collateral.**

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADO | WATER DEPOSIT |
| COOP A/C ROOSEVELT ROAD | SHARES AND DEPOSITS AT ROOSEVELT ROADS |
| LUMA ENERGY | ELECTRIC POWER SERVICE DEPOSIT |

*Insert additional claims as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

☐ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| -NONE- | | |

| Debtor | RAFAEL ANGEL CASIANO TORRES | Case number | 22-03446 |
|---|---|---|---|

*Insert additional claims as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

**3.7   Other secured claims modifications.**

*Check one.*

☑   **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

**4.1   General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

**4.3   Attorney's fees**

*Check one.*

☐   **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☑   **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ 3,000.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ 1,000.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

**4.4   Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

*Check one.*
☑   **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5   Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑   **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6   Post confirmation property insurance coverage**
*Check one.*
☑   **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1   Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐   The sum of $          .

Puerto Rico Local Form G (LBF-G)         Chapter 13 Plan         Page  5

Debtor   RAFAEL ANGEL CASIANO TORRES                    Case number   22-03446

- [ ]  ____% of the total amount of these claims, an estimated payment of $____.
- [x]  The funds remaining after disbursements have been made to all other creditors provided for in this plan.
- [ ]  If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $  0.00  .

**5.2   Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

- [x]  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3   Other separately classified nonpriority unsecured claims.**
*Check one*.

- [x]  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1**   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

- [x]  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1   Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
- [ ]  Plan confirmation.
- [x]  Entry of discharge.
- [ ]  Other: _____

**7.2   Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1   Check "None" or list the nonstandard plan provisions**
- [ ]  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

| Debtor | RAFAEL ANGEL CASIANO TORRES | Case number | 22-03446 |
|---|---|---|---|

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.000 NONSTANDARD PROVISIONS (04/28/2023)**

**8.001 HEADING AND TITLES:**
The headings contained in this plan are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Plan or any provision hereof.

**8.002 FINDING OF CAUSE FOR PLAN LONGER THAN 36 MONTHS**
Confirmation of this plan shall constitute a finding in accordance with 11 U.S.C. §1322 that there is cause for extending the length of the plan beyond three years. Confirmation shall also constitute approval of such extension. Such extension is essential to the success of the plan. Without it the plan would fail and no claims would be paid under the plan.

**8.003 RETENTION OF LIENS**
The lien holder of any allowed secured claim, provided for by the plan will retain its existing lien until and according to the terms and conditions of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II), unless otherwise provided on this plan. Upon compliance with the terms of 11 U.S.C. §1325(a)(5)(B)(i)(I) & (II) the lien will be extinguished.

**8.004 UTILITY SERVICES (§366)**
Confirmation of this plan shall constitute a finding that any such §366 utilities service has agreed that the existing security deposit in the Debtor's account constitutes and provides adequate assurance under 11 U.S.C. §366(b). This treatment shall be deemed adequate assurance of the utility's future payments. Nothing in this plan is intended to reject 11 U.S.C. §366 utility services, not limited to gas, water, and electric services.

**8.005 PLAN INCORPORATES ORDERS, JUDGMENTS AND STIPULATIONS**
This plan incorporates by reference, as if fully repeated herein, all orders, judgments, rulings, court's determinations, agreements and stipulations, in this bankruptcy case and/or associated adversary proceedings.

**8.006 EXCLUDED PROPERTIES**
For properties for which the stay is modified and/or lifted by motion, order and/or under this plan section 3.5, hereinafter referred as "excluded property", if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs of the judicial sale, the proceeds from the sale that are not exempt will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

**8.007 POST-CONFIRMATION OBJECTION TO PROOFS OF CLAIMS**
Confirmation of this plan does not bar a party in interest from objecting to a proof of claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

**8.008 SECURED AND/OR PRIORITY CREDITORS FILING AS UNSECURED**
If a claim is listed and provided for as, secured in any of the sections of Part 3 of this plan, or as priority unsecured in section 4.4 of this plan and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured under plan section 5.1 of this plan for purposes of distribution and for any other purpose under the plan. Upon confirmation or approval of this plan or amended plan, a creditor's lien over property of the estate will be void and forever extinguished when such creditor(s) files an unsecured proof of claim or an amended proof of claim.

**8.009 CONSENT TO A PROHIBITION FOR RELIEF FROM THE STAY**
A creditor that it is provided for under the terms of this plan and fails to file a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), will have consented to a prohibition to request relief from the automatic stay (11 U.S.C. §362) and/or the co-debtor(s) stay (11 U.S.C. §1301). For purposes of this plan provision, a proof of claim filed by the debtor(s) and/or the attorney for the debtor(s), and/or a proof of claim filed by the creditor after the non-governmental bar date amending and/or substituting a proof of claim filed by the debtor(s) or the attorney for the debtor(s), does not constitute a timely allowed proof of claim within the time period required by Federal Bankruptcy Rule 3002(c), and accordingly will have consented to a prohibition to request relief from the automatic stay (11 U.S.C. §362) and/or the co-debtor(s) stay (11 U.S.C. §1301).

**8.010 ARBITRATION AGREEMENTS AND ALIKE**
This plan specifically rejects, avoids, cancels and otherwise releases the Debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently,

| Debtor | RAFAEL ANGEL CASIANO TORRES | Case number | 22-03446 |
|---|---|---|---|

confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s)or the Chapter 13 Trustee. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case. All contractual provisions regarding arbitration or alternative dispute resolution in a contract underlying any claim provided for by this plan shall be unenforceable.

### 8.011 RESERVATION OF RIGHTS
Confirmation of this plan shall constitute a finding that the Debtor(s) does not waive, release or discharge but rather retain and reserve, for themselves, the estate and/or the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court. Nothing in this section shall be interpreted as a claim of exemptions or an amendment to the claimed exemptions. Nothing in this provision should be construed as a claim of exemption outside those claimed in Schedule "C". Unless otherwise specified in this plan, nothing in this plan is intended to abrogate the Chapter 13 Trustee's and/or Debtor's state law contract rights, or to waive any claims and/or defenses, including but not limited to the defense and/or prosecution of cases in any forum.

### 8.012 ORDER LIFTING THE STAY
For properties for which the stay is modified and/or lifted by motion, order and/or agreement, hereinafter referred as "stay excluded property", will be deemed treated pursuant to Part 3, Section 3.5 as surrendered collateral. Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within the term allowed by law. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

### 8.013 TRANSFER OF RIGHTS, PROOF OF CLAIMS AND/OR CREDITS
If a claim has been transferred by the holder thereof, after the holder has filed a proof of claim, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, shall not serve to remove the transferor as a creditor in this case. In such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

### 8.014 RESERVATION OF RIGHTS TO OBJECT PROOF OF CLAIM
The Debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the Debtor(s)may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the plan reserves the right, for the Debtor(s) and the Chapter 13 Trustee, to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the Debtor(s)raises an objection to a filed proof of claim, or to a notice of transfer of a filed claim, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. Notwithstanding, if an objection is filed on any proof of claim filed, the Chapter 13 Trustee will reserve the funds that were to be distributed on account of the objected proof of claim, until the objection is withdrawn or adjudicated by Court order. The Debtor(s) also reserves for the estate, except for those amounts Debtor claims exempt, which are hereby reserved for the Debtor(s), all claims or causes of action he or she may have, could have or might have based on any claim filed in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action or the admission of the existence of the underlaying debt.

### 8.015 PROHIBITED ACTS BY CREDITORS
Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtor(s)that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (2) the enforcement, against the Debtor(s)or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the Debtor(s)any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the Debtor(s)that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the Debtor(s)that arose before the commencement

| Debtor | RAFAEL ANGEL CASIANO TORRES | Case number | 22-03446 |
|---|---|---|---|

of the case under this title against any claim against the Debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate Debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a Debtor(s)who is an individual for a taxable period ending before the date of the order for relief under this title.

### 8.016 REJECTION OF IPSO FACTO CLAUSES AND OTHERS
The plan filed by the Debtor(s)herein specifically rejects, avoids, cancels and otherwise releases the Debtor(s)from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s)in default under any such agreement for filing a bankruptcy/insolvency action (Ipso Facto Clauses). Consequently, confirmation of this plan shall constitute a finding that any such Ipso Facto Clauses, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s)in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such Ipso Facto Clauses be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s)hereby specifically rejects all existing contracts for credit that are not specifically accepted or reaffirmed, including and particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

### 8.017 CAUSES OF ACTION
The Court will retain jurisdiction over all existing causes of action.

### 8.018 NO NOVATION OF CONTRACTUAL DEBTOR
Unless specifically otherwise provided in this plan, the Order confirming this plan, shall not be construed to constitute a novation of the contractual debtor or change of the contractual debtor, regarding contractual obligation between the contractual debtor and the creditor/party in interest, holding a lien over property of the estate.

### 8.020 REVOCATION OF CONSENT WITH RESPECT TO ALL FORMS OF TELEPHONIC COMMUNICATIONS
All creditors are prohibited from contacting the Debtors by way of their telephones. Such contact includes but is not limited to cell phone calls, text messages, voice mail messages, silent voice mail messages, or any other form of communication by cell phone or otherwise. These provisions apply to all parties in interest or who claim authority by contract, assignment, power of attorney, agency, or otherwise to contact or attempt to contact the Debtors by way of their respective wireless telephones or cell phones or land lines. This provision does not apply to the Chapter 13 Trustee, who may communicate with the Debtor(s).

### 8.021 REVOCATION OF CONSENT WITH RESPECT TO PAYMENTS AND DEDUCTIONS
This plan specifically rejects, revokes, avoids, cancels and otherwise releases the Debtor(s) from all contractual provisions, instructions, and/or authorizations, made with and/or granted to any party or entity, authorizing the payment, deductions and/or fund withdrawals from estate property. All creditors are prohibited from making and/or withdrawing and/or receiving payments and/or deductions regarding a pre-petition debt and/or obligation. All payments and/or deductions regarding the pre-petition debt and/or obligation shall immediately cease, and the creditor shall stop any entity making them, receiving them or withdrawing them. The creditor shall take affirmative actions and all necessary steps to stop such payments or deductions, including but not limited to ordering, requesting and informing third parties to stop such payments and deductions.

### 8.022 PROHIBITION OF CREDIT REPORTING
No creditor shall report as delinquent to any credit reporting agency any debt provided for in accordance with this plan.

### 8.023 POST-CONFIRMATION ATTORNEYS' FEES
This provision modifies LBFG, Part 4, Section 4.3 the estimated amount of post-confirmation attorneys' fees provided in section 4.3 of this plan is the amount estimated for plan sufficiency purposes. If no timely application for post-confirmation compensation is filed within fourteen (14) days from the date of entry of the order approving this post-confirmation-modified plan, then the amount estimated in section 4.3 will be the additional attorney's compensation requested, or the maximum amount allowed by Local Bankruptcy Rule 2016-1(f)(3), whichever is less.

### 8.024 PROPERTY OF THE ESTATE
Property of the estate in a Chapter 13 includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the Debtor(s)after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

### 8.025 SALE OR REFINANCING OF PROPERTY
Notwithstanding whatever provided in preceding Section 7.1 of this plan, if the plan is funded by the proceeds of a sale or refinancing of property of the estate, the property of the estate shall not vest on Debtor(s)and the Court shall retain jurisdiction over such property and any related transactions until its completion.

### 8.027 PREFERENTIAL TRANSFERS SHALL BE RETURNED

Debtor: RAFAEL ANGEL CASIANO TORRES  Case number: 22-03446

Confirmation of this plan shall constitute a finding that the Debtor(s) was/were insolvent at all times within the ninety (90) days of the petition date and that all property garnished, levied, seized, repossessed, attached and/or otherwise involuntarily transferred and/or obtained from the Debtor(s), on account of an antecedent debt was a preferential transfer as defined by 11 U.S.C. §547, which enabled the creditor to receive more than what the creditor would have received under chapter 7 if the transfers had not been made and had received payments under the provisions of Title 11.

Upon confirmation of the plan, the creditor that received and/or ultimately benefitted from the preferential transferred shall, within ten (10) days after confirmation of the plan, return to the Debtor(s) all property involuntarily transferred and/or obtained form the Debtor(s) within the ninety (90) days of the petition date, and shall impose an affirmative and direct duty on the creditor to comply with this provision. Failing to act as required by this plan section shall be a violation of the automatic stay and the orders of the Bankruptcy Court. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the Debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtor(s)specifically reserves the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

### 8.028 PRE-PETITION PRIORITIES
This provision is applicable and mandatory even if no priority creditors are listed, anticipated and/or provided for in section 4.4 and/or 4.5 of this plan, and/or even when the check box is marked indicating that *"None. If "None" is checked, the rest of §4.5 need not be completed or reproduced.":*
(a) The Chapter 13 Trustee shall pay in full, all 11 U.S.C. §507 priority allowed claims, unless creditor agrees otherwise pursuant to 11 U.S.C. §1322(A)(2).
(b) Not objecting the confirmation of the plan is expressed acceptance of the treatment provided to priority creditors under the terms of this plan.
(c) The Debtor shall pay DIRECTLY all Domestic Support Obligations that become due after the filing of the petition.

### 8.029 TRUSTEE'S PRIOR DISTRIBUTIONS IN ACCORDANCE WITH THE PROPOSED PLAN:
The amounts paid and/or distributed by the Chapter 13 Trustee, in accordance with the proposed filed plan at the time the payment and/or distribution were made, shall be considered proper payments and/or distributions under the confirmed and/or approved plan.

### 8.035 SURRENDER, SATISFACTION OF LIENS
Upon confirmation of this plan, Debtor(s) surrenders and the stay is lifted as to the collateral(s) provided in section 3.5, to allow the lien holder(s) to proceed with *in rem* remedies against the collateral, in full payment of the lien and extinguishing it. Any allowed claim by a creditor(a) provided for in section 3.5 shall receive no distribution under the plan, as to its secured portion as it will be fully satisfied by the surrender of the collateral. Any unsecured portion of the claim as filed, or later filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to plan section 5.1 of this plan, within the terms and conditions of this plan. This provision does not allow for the lien holder to create, perfect and/or present a lien.

### 8.040 CO-DEBTOR STAY, CO-DEBTOR DEBTS
All payments to co-debtor claims shall be applied to principal first until paid in full. Unless otherwise specifically specified in this plan, nothing in this plan is intended to lift any applicable co-debtor's stay under 11 U.S.C. §1301, or to abrogate co-debtor's state law contract rights, or to waive any co-debtor's claims and/or defenses.

### 8.080 PROJECTED TAX REFUNDS
Non-Exempt Post-Petition accumulated income-tax refunds that the Debtor(s) actually receives after the confirmation of this Chapter 13 Plan (the "Plan"), in excess of $900.00 will be used to fund this Plan to the extent and only if they are "Projected Disposable Income" as such term is defined in Section 1325(b)(1) and/or applicable case law. The Debtor(s) may retain up to the amount of $900.00 of tax refunds for personal use and any amount necessary to pay post-petition social security taxes owed not included in the plan. In order to retain any post-confirmation amount for personal use in excess of $900.00 Debtor(s) must request authorization from the Bankruptcy Court in order to determine if the amount requested is necessary for the maintenance and support of the Debtor(s) and/or the family.

### 8.150 DIRECT PAYMENTS BY DEBTOR
The Debtor(s) will maintain and directly pay the current periodical payments only on the claims and creditors listed on plan sections 3.1, 5.2, and 6.1 in which it is indicated that the Debtor(s) will make the disbursements, with any changes required by the applicable contract. The amount of the periodical payment as listed in sections 3.1, 5.2, and 6.1 are not binding, it is not intended to modify the contractual periodical payment and will be superseded by the periodical contractual amount.

### 8.155 REQUIRING CONTINUED MAILING OF MORTGAGE STATEMENTS AND PAYMENT COUPON BOOKS
All secured creditors, and/or the servicer, with a security interest in property of the estate and/or of the Debtor(s), shall send Debtor(s) monthly mortgage statements. The Debtor(s) hereby exercises the right to receive monthly mortgage statements and constitute a written request for the termination of any existing exemption, pursuant to Reg. Z, C.F.R. §1026.41(e)(5)(ii)(Effective April 19, 2018).

### 8.160 SATISFACTION OF STATUTORY LIENS
All secured creditors, which are provided in Section 3.1 of this plan, holding a lien in residential property of the Debtor and/or the

| Debtor | RAFAEL ANGEL CASIANO TORRES | Case number | 22-03446 |

estate, and that are also entitled to a statutory lien over other existing and/or future property of the Debtor and/or the estate, upon confirmation of this plan the statutory lien and/or the right to a statutory lien will be fully satisfied and shall immediately cease to exist and will be forever extinguished.

### 8.170 BANKRUPTCY RULE 3002.1(C) REQUESTS
The Chapter 13 Trustee shall pay any and all post-petition amounts requested by creditor that are requested pursuant to Bankruptcy Rule 3002.1, as soon as practicable after confirmation of the plan as a creditor under plan section 3.1. Notwithstanding this provision, and/or the distributions made by the Trustee, the Debtor(s)reserves the right to object, within the term provided by Bankruptcy Rule 3002.1, to any and all post-petition amounts requested by creditor pursuant to said Rule 3002.1. Should Debtor(s)object to such post-petition amounts requested by creditor, and prevails, the Chapter 13 Trustee is under no obligation to recover those objected and distributed amounts from creditor, and creditor shall immediately return the distributed amounts to the Chapter 13 Trustee to be administered in compliance with the bankruptcy code. Nothing in this plan is to be construed as a waiver or modification by the Debtor(s)of the right to object pursuant to Bankruptcy Rule 3002.1.

### 8.175 PAYMENT OF MORTGAGE WITH LACK OF MORTGAGE NOTE ENDORSEMENT
Part 3.1 of the plan proposes that mortgage arrearage provided in said section will be paid by the Chapter 13 Trustee. The Chapter 13 Trustee is directed and authorized to distribute plan proposed payments as per the term of the Chapter 13 Plan, to any and/all creditors provided in section 3.1, even if the mortgage creditor or its servicer files the corresponding Proof of Claim without evidence of endorsement. Upon confirmation of the plan, Debtor(s), on his/her behalf and on behalf of the estate, hereby hold the Chapter 13 Trustee harmless of, and forever waives any claims for legal or financial liability, against the Chapter 13 Trustee, for payment of arrears included in the above-mentioned Proof of Claim to the party filing it, or to its future assignee's properly notified during the period of the plan, notwithstanding that such claim is filed without evidence of endorsement of the mortgage note. Nothing in this provision is intended to release and/or hold harmless any other party other than the Chapter 13 Trustee, his agents and/or his employees. The Debtor(s) reserves the right to pursue any and all claims not specifically released in this section.

### 8.200 PAYMENT APPLICATION FOR RESIDENTIAL PROPERTIES
Confirmation of the plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the Debtor(s) to do all of the following, and shall constitute an injunction prohibiting holders and/or the servicers and/or its agents and/or assigns from crediting payments received under this plan in any manner other than as provided by this plan:

a. To apply the payments received from the Chapter 13 Trustee on the pre-petition arrearage, if any, and only to such arrearage. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim. During the term of the plan, payments from the Chapter 13 Trustee shall be credited against the pre-petition arrearage. The pre-petition arrearage shall have a zero "0" balance upon entry of the Discharge Order in this case.

b. To deem the pre-petition arrearage as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults. Such action shall be taken by making the adjustment to the account in a sufficient amount to "cure" the pre-petition arrears as established by the "allowed" proof of claim. If the case is dismissed and closed with pre-petition arrearage pending, such amounts shall be not deemed contractually cured.

c. To apply the direct post-petition monthly mortgage payments paid by the Chapter 13 Trustee and/or by the Debtor(s)to the month in which they were designated to be made under the plan or directly specified by the Debtor, whether or not such payments are immediately applied to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All such post-petition payments must be first applied to the outstanding post-petition interest and then to the principal balance and may not be used for any other purpose without the approval of the Bankruptcy Court after proper notice and a hearing.

d. To notify the Chapter 13 Trustee, the Debtor(s)and the attorney for the Debtor, in writing, of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments in compliance with Federal Rule of Bankruptcy Procedure 3002.1(b). The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided. In the event the rate should be reset to a rate lower than the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of 524(i) to the extent that the Debtor(s)suffers aggregate damages of more than $50.00.

e. To Notify the Chapter 13 Trustee, the Debtor(s)and the attorney for the Debtor(s), in writing, of any assessment of, charge of, payment of, prepayments of and/or disbursement of, change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments, and/or that may affect the amount that Debtor(s)owes and/or will owe, in compliance with Federal Rule of Bankruptcy Procedure 3002.1. The failure to comply with such notice requirements shall constitute a waiver of any right to recover any advance, payment, disbursement, change, assessment, prepayment and/or enhanced escrow payments and to recover any such increases until such notice, in compliance with Federal Rule of Bankruptcy Procedure 3002.1 is provided, on the condition that it is provided within sufficient time to maintain the feasibility of the plan as confirmed.

f. To refrain from directly paying or attempting to pay any pre-petition tax obligation that the Debtor(s)has included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of

Debtor  RAFAEL ANGEL CASIANO TORRES  Case number 22-03446

the tax claim is filed from the taxing authority to the servicer and/or holder of the mortgage loan or loans.

g. To refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as property insurance premiums, taxes, legal fees, broker price opinion fees, property inspection fees, property preservation fees, proof of claim fees, notice of appearance fees, plan review fees, or any type of legal fees, or any other type of fee or charge) to the mortgage loan of the Debtor(s)either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon filing of a proper application for the approval of such fees and charges under in compliance with Federal Rule of Bankruptcy Procedure 3002.1(c).

**8.240 MODIFICATION OF STAY**
The Debtor(s) elects to modify the automatic stay to each creditor listed below, in full satisfaction of the lien and in partial payment of its claim. Upon confirmation of this plan, the stay is modified as to the collateral named below, to allow the lien holder(s) to proceed in rem against the collateral named below. Any allowed claim by a creditor(a) provided for in this section shall receive no distribution under the plan, as to its secured portion as it will be satisfied by the confirmation of this plan. All payments and deductions regarding the obligation secured by the collateral named below shall immediately cease and shall be stopped by any entity making them or withdrawing them. Any unsecured portion of the claim as filed, or later filed amending the same to reflect a deficiency balance after surrender, shall be paid as an unsecured claim pursuant to plan section 5.1 of this plan, within the terms and conditions of this plan.

| Name of creditor | Collateral |
|---|---|
| ABDIEL ARGENIS CASIANO MOLINA | URB INMACULADA III |
| CRIM | URB INMACULADA III |
| EMI EQUITY MORTGAGE INC | URB INMACULADA III |
| US DEPARTMENT OF HUD | URB INMACULADA III |

*Insert additional lines as needed.*

**PART 9: Signature(s)**

/s/ JUAN M. SUAREZ-COBO          Date  May 19, 2023
JUAN M. SUAREZ-COBO 211010
**Signature of Attorney of Debtor(s)**

                                  Date
RAFAEL ANGEL CASIANO TORRES

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

ABDIEL ARGENIS CASIANO MOLINA
Y5 CALLE EL VIGIA
COLINAS METROPOLITANAS
Guaynabo, PR 00969

AEELA
PO BOX 364508
San Juan, PR 00936-4508

AMERICAN EXPRESS
C/O BECKET AND LEE LLP
PO BOX 3001
Malvern, PA 19355

ASOC COND ISLETA MARINA
PO BOX 459
Puerto Real, PR 00740-0459

ASOCIACION DE RESIDENTES
URB LA INMACULADA III DE VEGA ALTA, INC.
G51 CALLE 101
Vega Alta, PR 00692

AUTORIDAD DE ACUEDUCTOS Y
ALCANTARILLADO
PO BOX 70101
San Juan, PR 00936

CARMEN TERESA FIGUEROA MALDONADO
& SUCN. JOSE VEGA MUNIZ
PO BOX 7802
Ponce, PR 00732

CONSEJO DE TITULARES DEL CONDOMINIO
ISLETA MARINA
PO BOX 459
Puerto Real, PR 00740-0459

COOP A/C ROOSEVELT ROAD
PO BOX 31
Fajardo, PR 00738

CRIM
P.O. BOX 195387
SAN JUAN, PR 00918

DEPARTAMENTO DE TRANSPORTACION Y
OBRAS PUBLICAS
PO BOX 41269
San Juan, PR 00940

DISCOVER BANK DISCOVER PRODUCTS INC
PO BOX 3025
New Albany, OH 43054-3025

EMI EQUITY MORTGAGE INC
PO BOX 195442
San Juan, PR 00919

JEFFERSON CAPITAL SYSTEMS, LLC
PO BOX 7999
Saint Cloud, MN 56302-9617

LUMA ENERGY
PO BOX 364267
San Juan, PR 00936

MARIA MILAGROS TORRES BAEZ
URB. JARDINES DE CAGUAS
H11 CALLE H
Caguas, PR 00726

ORIENTAL BANK
PO BOX 362394
San Juan, PR 00936

PAYPAL CREDIT SERVICES
PO BOX 960080
ORLANDO, PR 32896

Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

THE HOME DEPOT/CBNA
5800 SOUTH CORPORATE PLACE
Sioux Falls, SD 57108

UNIVERSIDAD DE PUERTO RICO
RECINTO DE CIENCIAS MEDICAS
APARTADO 365067
San Juan, PR 00936-5067

US DEPARTMENT OF HUD
40 MARIETTA STREET
Atlanta, GA 30303